UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHARMAINE HART SILAS                    CIVIL ACTION NO. 6:18-cv-00121

VERSUS                                   JUDGE JAMES

COMMISSIONER OF THE SOCIAL               MAGISTRATE JUDGE HANNA
SECURITY ADMINISTRATION

## MEMORANDUM RULING

Currently pending is the "Petition to Obtain Approval of a Fee," which was filed by Lawrence N. Curtis, counsel for Charmaine Marie Hart Silas, regarding Ms. Silas's claim for Social Security disability benefits.  (Rec. Doc. 30).  Mr. Curtis seeks to recover $5,175.00 (representing 20.7 hours of attorney time at the rate of $250.00 per hour).  The Commissioner of the Social Security Administration opposed the motion in part.  (Rec. Doc. 32).  Considering the evidence, the law, and the arguments of the parties, and for the following reasons, this Court finds that the petition should be denied.

## Background Information

Charmaine Marie Hart Silas applied for disability insurance benefits and supplemental security income benefits under the Social Security Act.  Her applications were denied.  Following a hearing, Administrative Law Judge Angela Donaldson issued a ruling in June 2016, finding that Ms. Silas was not disabled.  Ms. Silas requested Appeals Council review of the ALJ's decision.  The Appeals Council

decided that Ms. Silas was entitled to receive both disability insurance benefits and supplemental security income payments for a closed period of disability beginning on April 9, 2014 and ending on April 29, 2015.  Ms. Silas appealed that decision. This Court determined that the ALJ erred in evaluating whether Ms. Silas experienced medical improvement and in evaluating her residual functional capacity.  This Court therefore recommended that the matter should be reversed and remanded.[1]  On June 25, 2019, the district court adopted this Court's report and recommendation and issued a judgment remanding the matter to the Commissioner for further administrative proceedings.[2]

## Analysis

### A.    The Nature of the Relief Sought

The documents that Mr. Curtis filed in support of his petition do not explain the basis for his claim to an award of attorneys' fees.  Along with his petition, Mr. Curtis submitted a letter from the Social Security Administration dated October 3, 2021 advising that $12,190, representing 25% of Ms. Silas's past-due benefits, had been withheld and further advising that he should file a fee petition with the court. Mr. Curtis also attached an "Affidavit for Attorney's Fees" to his fee petition.

---

[1]      Rec. Doc. 28.

[2]      Rec. Doc. 29.

Included in the affidavit was an itemized listing of the services Mr. Curtis rendered to Ms. Silas in connection with her appeal of the Commissioner's adverse decision, the dates of those services, and the amount of time expended on each listed date, which totaled 20.7 hours. The work detailed in the affidavit was performed in seeking judicial review of the Commissioner's adverse ruling. In the affidavit, Mr. Curtis stated that he sought to be compensated at the rate of $250 per hour, or a total of $5,175. No memorandum in support of the fee petition was filed. Mr. Curtis did not cite any statute under which he might be entitled to recover the fees he sought nor did he address the criteria that must be met in order for him to recover under any applicable statute.

The Commissioner of the Social Security Administration responded to Mr. Curtis's fee petition, assuming that Mr. Curtis was seeking to recover attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner did not object to Mr. Curtis being able to recover a reasonable fee under the EAJA but objected to the amount sought to be recovered. The Commissioner noted that $175.00 per hour is the currently appropriate rate for EAJA fees in Social Security cases in the Western District of Louisiana and argued that an award of $3,622.50, representing 20.7 hours of work at the rate of $175.00 per hour, would be an appropriate award for Mr. Curtis in this case.

After reviewing Mr. Curtis's fee petition and the Commissioner's response, this Court was unable to determine whether Mr. Curtis was seeking to recover fees under the EAJA or under the Social Security Act, 42 U.S.C. § 406(b).  Therefore, this Court ordered Mr. Curtis to file a brief in support of his fee petition, identifying the statute he was seeking to recover under, setting forth the criteria that entitled him to recover, and explaining how those criteria were satisfied in this case.[3]

Mr. Curtis did not file such a memorandum.  Instead, he emailed a letter to this Court.  In the letter, he stated that his response to this Court's order is the following:

> First, we accept the Commissioner's offer to pay to Silas an attorney's fee award of $3,622.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). . . .
> Second, we hereby waive any attorney's fee award under 42 U.S.C. § 402(b)[4] for work performed before this Court.

This Court interprets Mr. Curtis's letter to mean that he is not seeking to recover fees under Section 406(b) and is seeking only to recover fees under the EAJA.

---

[3]    Rec. Doc. 35.

[4]    This is citation likely contains a typographical error.  Section 402(b) addresses a wife's insurance benefits under the Social Security Act, while Section 406(b) addresses the recovery of attorneys' fees for the representation of a Social Security claimant before a court.

4

**B.**    <u>Recovery Permitted under The EAJA</u>

The EAJA permits the recovery of attorneys' fees, costs, and expenses in proceedings for judicial review of an agency's action.[5]  The statute's purpose is "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers"[6] or, in other words, "to eliminate for the average person the financial disincentive to challenge unreasonable government actions."[7]  A party is entitled to recover attorneys' fees under the EAJA if his net worth is less than $2 million;[8] he is the prevailing party; he filed a timely fee application; the government's position was not substantially justified; and no special circumstances make an award unjust.[9]  An EAJA award must also be reasonable.[10]  The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney.[11]

---

[5]     28 U.S.C. § 2412(a)(1); 28 U.S.C. § 2412(d)(1)(A).

[6]     *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

[7]     *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (quoting *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)).

[8]     28 U.S.C. § 2412(d)(2)(B).

[9]     28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920, n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[10]    28 U.S.C. § 2412(b).

[11]    *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

5

In the papers he filed with the court, Mr. Curtis did not mention the EAJA, did not identify the five criteria for an attorneys' fee award under the EAJA, and did not argue that the five criteria are satisfied in this case.

### 1.   Ms. Silas's Net Worth

For an attorney to recover EAJA fees, the claimant must have a net worth of less than $2 million.  Mr. Curtis provided no evidence of Ms. Silas's net worth. Therefore, he did not establish this criterion for recovery under the statute.  The Commissioner offered no argument on this point.  Accordingly, this Court cannot determine whether this criterion was satisfied.

### 2.   Ms. Silas is the Prevailing Party

Mr. Curtis presented no evidence or argument in an effort to show that Ms. Silas was the prevailing party.  However, there is no dispute concerning this criterion for the recovery of EAJA fees.  A party who obtains reversal or remand of an adverse Social Security ruling pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of the EAJA.[12]  Ms. Silas successfully appealed an adverse ruling of the Commissioner.  As noted in the district court's judgment, the

---

[12]      *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (both citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).

matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).[13]  Therefore, she is a prevailing party.

### 3.    <u>The Fee Petition Was Not Timely</u>

Mr. Curtis made no effort to establish that his fee petition was timely.  More important, Mr. Curtis's petition for EAJA fees was not timely filed.  The EAJA requires a prevailing party to apply for fees, costs, and expenses "within thirty days of final judgment in the action."[14]  Thus, after the district court renders judgment remanding the case to the agency under sentence four of 42 U.S.C. § 405(g), a party has thirty days from the time that the judgment becomes final to seek an EAJA award.[15]  The district court's judgment becomes final when it can no longer be appealed or sixty days after the judgment is entered.[16]  A party therefore has thirty days after the sixty-day appeal delay elapses to seek an award of fees under the EAJA.[17]  After the thirty-day time period expires, an EAJA award is no longer

---

[13]    Rec. Doc. 29.

[14]    28 U.S.C. § 2412(d)(1)(B).

[15]    *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011) (citing *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir.1993)).

[16]    *Murkeldove v. Astrue*, 635 F.3d at 792.

[17]    *Murkeldove v. Astrue*, 635 F.3d at 792.

available.[18]  The Fifth Circuit has held that the deadline is jurisdictional,[19] depriving the court of jurisdiction to enter an EAJA award after the deadline expires and permitting *sua sponte* denial of an untimely petition for EAJA fees.  Although the United States Supreme Court has concluded that the "time limit is a claims-processing rule that does not implicate the court's jurisdiction,"[20] the Fifth Circuit jurisprudence has not been expressly overruled.  Furthermore, the EAJA must be strictly construed in favor of the government.[21]

In this case, the district court's remand judgment was issued on June 25, 2019[22] and became final sixty days later in August 2019 when it was no longer appealable.  The window for filing a fee petition expired thirty days after that, in September 2019.  But Mr. Curtis did not file his fee petition until October 14, 2021,

---

[18]      *Murkeldove v. Astrue*, 635 F.3d at 792 (citing *Briseno v. Ashcroft*, 291 F.3d 377, 379-80 (5th Cir. 2002)).  See, also, *Neumann v. Saul*, No. 6:19-CV-00026, 2020 WL 5579575, at *1 (S.D. Tex. July 29, 2020), report and recommendation adopted, 2020 WL 5578699 (S.D. Tex. Sept. 17, 2020); *Ball v. Social Security Administration*, No. 18-4750, 2019 WL 7291055, at *2 (E.D. La. Dec. 30, 2019); *Huren v. U.S. Com'r of Social Sec.*, No. 2:12-CV-00957, 2013 WL 5575174, at *1 (W.D. La. Oct. 9,2013); *Brandt v. Barnhart*, 285 F.Supp.2d 917, 918 (S.D. Tex. 2003)

[19]      *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (quoting *Briseno v. Ashcroft*, 291 F.3d 377, 379 (5th Cir. 2002) ("Because this thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional.")).

[20]      *Neumann v. Saul*, 2020 WL 5579575, at *1 (citing *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004)).

[21]      *Texas Food Industry Ass'n v. U.S. Dept. of Agriculture*, 81 F.3d 578, 580 (5th Cir. 1996) (citing *Ardestani v. United States*, 502 U.S. 129, 137 (1991)).

[22]      Rec. Doc. 29.

more than two years later.  Even if "the failure to timely file the application does not deprive the court of jurisdiction, it is a binding time limit and forecloses counsel from receiving EAJA fees."[23]  This Court therefore finds that Mr. Curtis's fee petition was not timely filed.

### 4.   Was the Government's Position was Substantially Justified?

The party seeking an EAJA award "shall also allege that the position of the United States was not substantially justified."[24]  Mr. Curtis made no such allegation. "The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[25]  The burden is on the government to prove that its position was substantially justified.[26]   The Commissioner made no such argument. Accordingly, this Court finds that the Commissioner failed to establish that its position in this litigation was substantially justified.

---

[23]     *Neumann v. Saul*, 2020 WL 5579575, at *1.  Although this Court found no Fifth Circuit authority for a *sua sponte* denial of an untimely EAJA fee petition, motions for attorneys' fees under Section 406(b) can be raised *sua sponte*, *Fuller v. Colvin*, No. 1:11-CV-117-BL, 2016 WL 3221851, at *3 (N.D. Tex. June 8, 2016) (citing *Rice v. Astrue*, 831 F. Supp. 2d 971, 981, 983-84 (N.D. Tex. 2011), and other circuits have allowed *sua sponte* consideration of the timeliness of requests for EAJA fees, *Cummings v. Sullivan*, 950 F.2d 492, 495, n.4 (7th Cir. 1991).

[24]     28 U.S.C. § 2412(d)(1)(B).

[25]     *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[26]     *Gustafson v. Saul*, No. SA-20-CV-00393-EDC, 2021 WL 5142779, at *1 (W.D. Tex. Nov. 4, 2021) (citing *Baker v. Bowen*, 839 F.2d at 1079-80).

5.      **Do Special Circumstances Make an Award Unjust?**

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances that would make an award unjust.[27]  It is the government's burden to prove that special circumstances exist.[28]  The Commissioner did not object to Mr. Curtis's motion for attorneys' fees and expenses on this basis; more important, the Commissioner did not articulate any special circumstances that would make an award of fees or costs unjust in this case.  This Court therefore finds that no special circumstances exist that would preclude the award sought by Mr. Curtis.

C.      **The Motion Must be Denied**

Although the Commissioner did not object to Mr. Curtis's fee petition on the basis of timeliness and objected only to the reasonableness of the amount sought to be recovered, this Court cannot award fees in this case because Mr. Curtis's fee petition was not timely.  This Court ordered Mr. Curtis to file a memorandum supporting his fee petition, and expressly ordered Mr. Curtis to include in that memorandum a discussion of the criteria that must be met in order for him to be awarded under the EAJA (if that were the statute on which his fee petition was based) and an explanation of how those criteria are satisfied in this case.  Mr. Curtis chose not to do so.  This Court also notes that Mr. Curtis might have been able to recover

---

[27]      28 U.S.C. § 2412(d)(1)(A).

[28]      *Gustafson v. Saul*, 2021 WL 5142779, at *1 (citing *Baker v. Bowen*, 839 F.2d at 1079-80).

attorneys' fees under Section 406(b); unfortunately, however, he declined the opportunity to file a memorandum addressing his entitlement to recovery under that statute and, instead, expressly waived his right to recover under that statute.

## Conclusion

This Court finds that Mr. Curtis's petition seeking the recovery of attorneys' fees under the EAJA was not timely filed, and he is not entitled to an award of attorneys' fees under the EAJA.  Accordingly,

IT IS ORDERED that Mr. Curtis's fee petition is DENIED.

Signed at Lafayette, Louisiana, this 15th day of December 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE